## UNITED STATES BANKRUPTCY COURT
### EASTERN DISTRICT OF KENTUCKY
### LONDON DIVISION

IN RE                                                                    CASE NO. 14-61443

**GREGORY LANE COUCH AND**
**ANGELA LEE COUCH**

**DEBTORS**

**PANTHER PETROLEUM, LLC, AND**
**COOLANTS PLUS, INC.**                                      PLAINTIFFS

**V.**                                                              **ADV. NO. 15-6021**

**GREGORY LANE COUCH**                                  **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Alter, Amend, and Vacate Order of

Summary Judgment filed by the Defendant Debtor, Gregory Lane Couch [ECF No. 57], and the

Plaintiffs' Response [ECF No. 60]. Couch requests reconsideration of a Memorandum Opinion

[ECF No. 54] (the "Opinion") and Summary Judgment [ECF No. 55] in favor of the Plaintiffs.

Couch relies on FED. R. BANKR. P. 9023 and FED. R. BANKR. P. 9024 to support the

Motion. Bankruptcy Rule 9023 incorporates FED. R. CIV. P. 59, and allows a bankruptcy court to

alter or amend its judgment within fourteen days after entry. Similarly, Bankruptcy Rule 9024

incorporates FED. R. CIV. P. 60, and allows a party to seek relief from a final judgment, order, or

proceeding. As a general rule, a motion brought within fourteen days of entry of an order is

treated as a motion for reconsideration governed by Civil Rule 59. *Inge v. Rock Financial Corp.*,

281 F.3d 613, 617 (6th Cir. 2002); *Cockrel v. Shelby County School Dist.*, 270 F.3d 1036, 1047

(6th Cir. 2001). Couch filed his motion four days after the Opinion and Summary Judgment

were entered, so the requested relief is examined in the context of Civil Rule 59.

There are four grounds that may support a motion to alter or amend a judgment under Civil Rule 59: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; and (4) to prevent manifest injustice." *In re Sizemore*, Case No. 09-61064, 2013 WL 6797562, at *1 (Bankr. E.D. Ky. Dec. 23, 2013) (citing *Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv.*, 616 F.3d 612, 615 (6th Cir. 2010)).  Couch did not specifically identify any of these grounds in his papers, but his counsel confirmed at oral argument that he believes there was a clear error of law and alteration is required to prevent manifest injustice.  Counsel for Couch also confirmed there is no new evidence or an intervening change in law.

Couch reasserts his belief the Tennessee state court did not fully and fairly litigate the issues, arguing the Opinion erred in the application of *Fisher v. Anderson (In re Anderson)*, Adv No. 13-6021, 2014 WL 98691, at *4 (Bankr. E.D. Ky. Jan. 10, 2014), *aff'd*, 520 B.R. 89 (B.A.P. 6th Cir. 2014).  Couch testified that his state court counsel lied to him about the status of the state court litigation and the parties failed to provide notice of the papers filed and hearings held to his Kentucky address.  [Couch's Response, ECF No. 50, at 9-12.]  These arguments do not succeed because they only rehash positions already addressed in the Opinion.  *See, e.g., Sizemore,* Case No. 09-61064, 2013 WL 6797562, at *2 ("A Rule 59(e) motion should not reargue issues already presented."); *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008) (same).

Couch also believes he was unfairly treated by the Plaintiffs and relies on the underlying facts to gain more favorable treatment.  The issue decided by the Opinion and Order was whether the principal of collateral estoppel (*i.e.*, issue preclusion) should apply to determine the Plaintiffs' claims are non-dischargeable.  The issue was not the merits of the state court action.

The following discussion confirms there is no valid reason for reconsideration and Couch's Motion will be denied.

I.    **The Opinion Determined the Default Judgment Was Actually Litigated.**

A.    ***Fisher* Was Properly Applied to the Facts of this Case.**

The Opinion applied *Fisher*, which extensively analyzed collateral estoppel involving a default judgment in a Tennessee state court. [*See* Opinion, ECF No. 54, at 8-9, 13-14 (*Fisher* is persuasive authority).] *Fisher* holds that a Tennessee state court judgment is entitled to full faith and credit if the issues subject to collateral estoppel were: (1) raised in an earlier case between the same parties; (2) actually litigated; and (3) necessary to the judgment of the earlier case. [Opinion, ECF No. 54, at 8.] Couch argued in his earlier papers and in the Motion to Alter that there are two additional factors added to the collateral estoppel analysis after *Fisher*: (4) whether the issue was decided on the merits; and (5) whether Couch had a full and fair opportunity to contest the issue. [Couch's Response, ECF No. 50, at 4-6.]

The Opinion explained that these are not new factors; they are merely a part of the "actually litigated" prong of the collateral estoppel analysis. [Opinion, ECF No. 54, at 13-14.] Couch believes, however, that notice issues in the state court meant he did not have a full and fair opportunity to litigate the issues raised. His arguments are insufficient to suggest a need to reconsider Summary Judgment.

B.    **Couch Has Not Created a Question of Fact Regarding His Counsel's Alleged Representation of Settlement.**

Couch testified that he erroneously thought the Tennessee state court action was finished based on his state court counsel's representation of settlement. [Couch Aff., ECF No. 49, at ¶ 17.] Couch's bare allegations do not give any details to explain when or how he was told the state court litigation was settled or why he believed that would completely resolve the litigation

without further effort.  [Couch Aff., ECF No. 49.]  The state court record indicates Couch had no reasonable basis to believe the matter was fully resolved.

The Motion for Leave to Withdraw filed by Jereme Lytle, Couch's Tennessee state court counsel, describes multiple attempts to contact Couch and his wife using many different forms of communication.  [Lehnert Aff., ECF No. 15-1, at Exh. D.]  The Motion to Withdraw provided: "In June, 2014, Clients [the Couchs] stopped responding to counsel's telephone and e-mail correspondence."  [*Id.*]  Tennessee counsel also indicated he attempted numerous phone calls and left messages on an answering machine before he finally filed the Motion to Withdraw on September 29, 2014.  [*Id.*]

Couch's assertion that he did not receive this correspondence is not supported by his own timeline.  Couch was still receiving mail at his lockbox when the June 6, 2014 correspondence requesting contact with counsel was sent.  [Couch Aff., ECF No. 49, at ¶ 20 (he did not turn in the P.O. Box keys until July).]  Further, the Motion to Withdraw indicates the July and August 2014 letters were sent regular and certified mail, and only the certified letters were returned unclaimed.  [Lehnert Aff., ECF No. 15-1, at Exh. D.]

**C.  Couch Is Responsible for His Willful Ignorance of the State Court Proceeding.**

Parties have an obligation to keep up with the ongoing litigation and Couch is responsible for his lack of reasonable diligence.  *See Rand v. Lombardo (In re Lombardo)*, 224 B.R. 774 (Bankr. S.D. Cal. 1998) (granting summary judgment based on collateral estoppel after rejecting debtor's arguments that he missed a hearing because he was duped).  Once he appeared, Couch had a duty to follow the litigation and keep apprised of its status, regardless of any party's actions.  *Naylor v. Ellsworth (In re Ellsworth)*, Adv. No. 12-2354, 2014 WL 172414, at *4 (Bankr. D. Utah Jan. 13, 2014); *Gregory v. Wabeke (In re Gregory)*, 931 F.2d 62 at *1 (10th Cir. 1991)(unpublished table decision).

4

The facts show Couch had ample time to review the record and take action before any negative result, even if he was misled. *See Lloyd v. Midland Funding*, Case No. 15-5132, 2016 WL 279001, at *4 (6th Cir. Jan. 22, 2016) (On different facts, the Sixth Circuit recently recognized that a party to pending litigation that failed to investigate final resolution of settlement and dismissal either through counsel, the parties, or the court's public docket was not "reasonably diligent."). Default judgment in the state court proceeding was not entered until February 9, 2015, over eight months after the June 2, 2014 communication indicating Tennessee counsel was no longer in contact with Couch (and the time before which the alleged notice of settlement must have occurred). The state court hearing on damages did not occur until June 2, 2015, a full year thereafter.

Tennessee courts do not accept willful ignorance as a defense to set aside a default judgment. Even when a defendant does not respond to a complaint:

> [M]ere negligence or inattention of a party is not a proper basis for relief under Rule 60. *Food Lion,* 700 S.W.2d at 896. If we were to grant relief under these circumstances, then every default judgment could be set aside because, by definition, something did not get done that needed to be done or a default judgment would not have been entered in the first place.

*Wilkerson v. PFC Global Group, Inc.*, Case No. E2003-00362-COA-R3-CV, 2003 WL 22415359, at *9 (Tenn. Ct. App. 2003) (citing *Food Lion, Inc. v. Washington County Beer Bd.*, 700 S.W.2d 893, 896 (Tenn. 1985)). *See also Vanderbilt University v. New Hope Pharmaceuticals, Inc.*, Case No. M2008-00362-COA-R3-CV, 2008 WL 4614516, at *4 (Tenn. Ct. App. 2008) (failure to hire an attorney until the day before the hearing to avoid legal fees is not grounds for relief from a default judgment).

The responsibility to keep apprised of the litigation was on Couch, and he did not to his detriment.

### D. Couch's Testimony That He Did Not Receive Notice at His Kentucky Address Does Not Create a Genuine Issue of Material Fact.

Couch believes Plaintiffs should have mailed papers and notices to his Kentucky address because they knew he returned to London, Kentucky, and his street address was in their employment files. [Couch Aff., ECF No. 49, at ¶¶13-14, 46.] But there is no evidence that Couch provided notice of his change of address to his legal counsel [Lehnert Aff., ECF No. 15-1, at Exh. D], and his Affidavit does not indicate he told anyone of his move. [*See generally* Couch Aff., ECF No. 49.]

More significant, this argument is not supported by any law and would add an additional burden on a plaintiff that is not part of Tennessee rules of procedure. *See* TENN. R. CIV. P. 5.02(1) (Beyond the summons of a complaint, Tennessee law only requires that Plaintiffs serve Couch at his last known address.). [*See also* Opinion, ECF No. 54, at Section III.C.2.] A party that relocates during the course of litigation has an obligation to notify the clerk of court of his new address. *Jenkins v. McClannahan*, Case No. M2010-02061-COA-R3-CV, 2012 WL 1070128, at *3 (Tenn. Ct. App.  March 28, 2002).

Further, the state court record contains certifications that all papers and notices were served on Couch at the address listed in the state court record. A certificate of service filed with the state court creates a presumption of receipt, and it is Couch's burden to show otherwise by clear and convincing evidence. *Zuleta v. Montgomery*, Case No. M2009-02406-COA-R3-CV, 2010 WL 3170774, at *3 (Tenn. Ct. App. Dec. 3, 2010). The preceding discussion shows Couch received sufficient notice to have an opportunity to appear and litigate the issues in the state court even accepting his claims as true.

Couch provides no law that suggests the Plaintiffs had any obligation beyond that set out in TENN. R. CIV. P. 5.02(1). Couch's testimony, even if true, does not overcome the evidence

that shows he was properly notified of the pending matters according to Tennessee procedural rules.

## II. **Couch's Request for Equity Is Unpersuasive.**

Couch contends that the equities are in his favor and he was treated unfairly because his bad acts did not take anything from the Plaintiffs. This argument is irrelevant to whether Couch is collaterally estopped from re-litigating the issues of fraud and willful and malicious injury. Even if relevant, the facts show Couch is not an innocent party that should benefit from an equitable analysis.

Couch asserts there was no loss because the Plaintiffs earned profit on sales to Oil Wholesalers, the company he set up to buy product from the Plaintiffs for resale to third parties. [Couch's Motion, ECF No. 57, at 2-3.] Couch ignores the fact that the evidence suggests he wrongly usurped the opportunity for a higher sale price from his employer. It is easy to see how the state court could have reached the conclusion that the Plaintiffs suffered an actual loss that required compensation on the facts presented.

Also, Couch's Affidavit evidences his unclean hands. [Couch Aff., ECF No. 49.] Couch divulges the reason he created Oil Wholesalers: he believed Panther reneged on his employment agreement. [Couch Aff., ECF No. 49, at ¶¶ 31, 33.] "Greg would never have started Oil Wholesellers had Panther fulfilled its promises and commitments to Greg and Angela." [*Id.* at ¶ 33.] These facts do not indicate the State Court Judgment was unreasonable, and Couch's "you cheated me, I'll cheat you" mentality does not suggest unfairness.

Further, the reason Couch might not have received some forwarded mail was his own fault. Couch moved back to Kentucky in April 2014 and voluntarily terminated his forwarding order in July, only three months later. [Couch Aff., ECF No. 49, at ¶¶ 12, 19, 21.] Couch

allegedly took this action even though the P.O Box was paid for until November 2014. [Couch

Aff., ECF No. 49, at ¶ 21 (the post office did not administratively close the post office box until

November 2014).]   Under these circumstances, it is not unfair to conclude the premature

termination of the P.O. Box was unreasonable.

A party seeking equity that has some fault in the underlying dispute is not usually one

that will benefit from a court's equitable powers.  Summary judgment creates no manifest

injustice in this case.

**III.**       **Conclusion.**

Couch's arguments were considered in the Opinion and rejected.  His testimony does not

create a genuine issue of material fact.  Couch has not cited any valid reason to reconsider the

Opinion or Summary Judgment.  Therefore, it is ORDERED the Motion to Alter, Amend, and

Vacate Order of Summary Judgment [ECF No. 57] is DENIED.

---

**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and
electronically entered by the Clerk in the official record of this case.**



**Signed By:**
**_Gregory R. Schaaf_**
**Bankruptcy Judge**
**Dated: Friday, March 04, 2016**
**(grs)**